IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Emily C. Hewitt)

No. 06-202 T

ARBITRAGE TRADING, LLC,
Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Avers that this is a civil action arising under Section 6226 of the Internal Revenue Code for the readjustment of partnership items with respect to Arbitrage Trading, LLC; and otherwise denies the allegations in paragraph 1.

2. Avers that its answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. With respect to the first sentence of paragraph 3, admits that plaintiff so characterizes its claim, but denies that this Court has jurisdiction to Order a refund in this case and further denies that any tax and penalty were illegally collected by the IRS. Admits the allegations of the

second sentence of paragraph 3, except to state that the address of the office issuing the FPAA was 30 East 7 Street, St. Paul Minnesota 55101. Admits the allegations in the third sentence of paragraph 3. Denies the allegations in the fourth sentence of paragraph 3 as stated and avers that a copy of the FPAA was sent to the Robert & Jayne Gunther 1999 Revocable Trust (and others) on or about October 13, 2005. As to the fifth sentence of paragraph 3, admits that the FPAA was substantially identical to the document attached as Exhibit A to the complaint.

4. Denies the allegations contained in paragraph 4.

5. With respect to the first two sentences of paragraph 5, denies the characterizations of the FPAA in that the document speaks for itself. With respect to the third sentence of paragraph 5, admits that plaintiff disputes the determinations made in the FPAA, but denies that plaintiff's disputes are valid.

6. Denies the allegations contained in paragraph 6 to the extent they imply there was a valid partnership. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6. Denies the allegations of the second sentence of paragraph 6. Admits the allegation of the third sentence of paragraph 6 that the taxpayer identification number of Arbitrage Trading was 13-4077918 and otherwise states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the third sentence. Admits the allegations of the fourth sentence of paragraph 6.

7. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8-11. States that defendant's answering attorneys lack knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 8-11.

12. Avers that the defendant is the United States and that service of the complaint is governed by RCFC 4(a). Otherwise, denies the allegations in paragraph 12.

13. Denies that this Court has jurisdiction over plaintiff's claim for refund. With respect to the remainder of plaintiff's claim, states that jurisdiction exists, if at all, pursuant to 28 U.S.C. § 1508.

14. Admits only that payments totaling $2,371,502 were applied to Mr. Gunther's tax accounts on March 10, 2006. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16. Defendant responds to the several allegations of paragraph 16 as follows:

a-bd. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16a-bd.

be. Denies the allegations of paragraph 16be.

bf-bi. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16bf-bi.

bj-bk. Denies the allegations of paragraphs 16bj-bk.

bl-bn. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16bl-bn.

bo. Denies the allegations of paragraph 16bo.

bp. States that defendant's answering attorneys lack knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 16bp.

bq. Avers that the allegations of paragraph 16bq are conclusions of law to which no response is required.

br-bv. Denies the allegations of paragraphs 16br-bv.

17. Avers that the FPAA contains the language found in Exhibit A to the complaint and otherwise denies the allegations and disputes the legal contentions presented by plaintiffs elsewhere in paragraph 17.

18-20. Denies the allegations and conclusions of law presented by plaintiffs in paragraphs 18-20.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, that plaintiff's complaint be dismissed, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

/s David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section