IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-202 T

(Judge Emily C. Hewitt)

ARBITRAGE TRADING, LLC, by and through ROBERT GUNTHER as Trustee for ROBERT and JAYNE GUNTHER 1999 Revocable Trust,

Plaintiff

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of Appendix A to the Rules of the United States Court of Federal Claims (RCFC), the parties submit the following information:

a. Jurisdiction. At this time, the parties believe that the Court has jurisdiction over this case under the TEFRA Unified Partnership Procedures pursuant to 26 U.S.C. §6226 relating to litigation of the tax treatment of partnership items. Issues have arisen in related litigation as to whether certain adjustments in the Final Partnership Administrative Adjustment ("FPAA") issued by the Internal Revenue Service ("IRS"), as well as certain defenses asserted by Plaintiff constitute "partnership items" within the jurisdiction of the Court in this proceeding, or constitute "affected" or "non-partnership items" outside the Court's jurisdiction.

b. Consolidation. The parties are unaware of any other case with which this case should be consolidated. The issues in this case are, however, similar to those pending before Judge Williams in *Jade Trading v. United States,* Fed. Cl. No. 03-2164T and *K2 Trading Ventures v. United States,* Fed. Cl. No. 04-1419T (Judge Williams); *Evergreen Trading v. United States*, Fed. Cl. 06-123 T (Judge Allegra) and *Platinum Trading v. United States*, Fed. Cl. 05-545 T (Judge Damich). Those cases all present similar contentions arising out of similar transactions through BDO Seidman and Sentinel Advisors, LLC, but have been brought by different plaintiffs and persons-in-interest.

c. Bifurcation of trial. The parties presently believe that separate trials on the questions of liability and damages should be unnecessary in this case.

d. Deferral of proceedings. The parties would welcome the opportunity to discuss with the Court the timing and coordination of this case with the decision in *Jade Trading* which has been tried and briefed. Plaintiff maintains that awaiting the decision in *Jade Trading* makes sense from the perspective of conserving the resources of the Court and the parties. According to Defendant, the Office of the United States Attorney for the Southern District of New York has advised Defendant's counsel that it is conducting a criminal investigation that may relate to transactions similar to these transactions. That office has asked that it be kept apprised of any discovery in this action in order to ensure that this action does not adversely affect its pending criminal investigations. In the event that it does, the United States anticipates that it will seek either a protective order, or such other relief, including a stay if necessary, to protect the important interests of law enforcement. Counsel for the United States has notified Petitioners that, in addition to

Rule 6(e) of the Federal Rules of Criminal Procedure which protects grand jury information, the IRS criminal files are also privileged and not subject to discovery at this time. Plaintiff vigorously objects to Defendant injecting criminal references to the Southern District of New York, on the grounds that (i) the sole purpose is to improperly prejudice Plaintiff by reference to people Plaintiff never met, documents Plaintiff never saw, and transactions Plaintiff never touched; (ii) the *Stein* case in the Southern District of New York has no bearing on this case beyond Defendant's attempt to criminalize the central tax planning principle that Defendant conceded in *Jade Trading* was accurate and the United States District Court for the Eastern District of Texas recently held in *Klamath* was accurate when the transactions in this case occurred (*i.e.*, contingent obligations do not constitute "liabilities" for purposes of computing basis in partnership interests under a long line of cases); (iii) none of the parties, witnesses, or transactions in the *Stein* case are common to this case; (iv) Plaintiff has no plans or need to ask for any Rule 6(e) materials and that justification for injecting these "disclosures" does not exist; and (v) with all due respect, Plaintiff can only conclude that this attempt to malign Plaintiff is simply an extension of the overreaching conduct condemned by Judge Kaplan's Opinion in *Stein*. The parties know of no other cases pending before the Court that would justify deferral of proceedings in this case.

e. <u>Remand or suspension</u>. Not applicable.

f. <u>Additional parties</u>. The parties know of no additional parties who should be joined.

g. <u>Dispositive motions</u>. Until this case has been developed further, the parties

will be unable to determine whether they will file dispositive motions or partially dispositive motions.

h. Issues. The principal focus in any suit brought under the TEFRA partnership provisions, 26 U.S.C. § 6221 et seq, is the set of adjustments made by the IRS in the FPAA. A copy of the FPAA is attached to the complaint. The FPAA addresses the availability of certain tax benefits Plaintiff's contend that Arbitrage (and the owners of Arbitrage) derived by engaging in the transactions outlined in paragraph 16 of the complaint. In addition, the IRS asserts certain penalties to underpayments attributable to the adjustments in the FPAA.

i. Settlement. Until discovery has been completed, at least in part, the parties cannot determine whether this case can be settled.

j. Trial. If this case cannot be resolved by dispositive motion, a trial will be necessary. Plaintiff prefers that the trial of this case be held in Atlanta, Georgia, while Defendant prefers Washington, D.C.

k. Electronic Case Management Needs. The parties are not aware at this time of any special issues regarding electronic case management needs.

l. Proposed Discovery Plan. Subject to the Court's wishes as to deferring the proceedings pending decision of *Jade Trading,* the parties contemplate that this case would be ready for trial during the latter half of 2007 and further recommend that the Court issue a scheduling order providing that --

(1) The parties shall exchange the information described in Fed. R. Civ. Proc. 26(a)(1), within 21 days of the issuance of the Court's scheduling order.

(2) The parties shall complete factual discovery by no later than May 15, 2007.

(3) Expert discovery will occur as follows:

(a) No later than 30 days before the close of fact discovery, the parties will exchange designations of expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(b) No later than the date that factual discovery closes, the parties will exchange designations of rebuttal expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(c) No later than 30 days after the close of fact discovery, the parties will exchange expert reports.

(d) No later than 60 days after the close of fact discovery, the parties will exchange rebuttal expert reports (not to exceed 20 double-spaced pages, including attachments).

(e) No later than 90 days after the close of fact discovery, the parties will complete expert witness discovery.

(4) No later than 15 days after the close of fact discovery, the parties will submit status reports, either jointly or separately, recommending a schedule for trial or other disposition of this case.

(5) If either party perceives that additional time is required, that party shall so inform the Court and propose a modification of the schedule.

Respectfully submitted,

/s David D. Aughtry
David D. Aughtry, Esquire
Attorney for Plaintiff

Chamberlain Hrdlicka White
Williams & Martin
191 Peachtree Street, N.E.
Ninth Floor
Atlanta, Georgia 30303
TELEPHONE: 404/659-1410
FAX: 404/659-1852
E-MAIL: david.aughtry@chamberlainlaw.com

/s Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant

Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE: (202) 307-6418
FAX: (202) 307-2504
E-MAIL: stuart.j.bassin@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

September 1, 2006